Slip Op. 11-9

UNITED STATES COURT OF INTERNATIONAL TRADE

| | | | |
|---|---|---|---|
| SHANDONG TTCA BIOCHEMISTRY CO., LTD., et al. | : : : : | | |
| Plaintiffs, | : : | | |
| v. | : : | | |
| UNITED STATES, | : : | Before: Consol. Court No.: | WALLACH, Judge 09-00241 |
| Defendant, | : : | | |
| and | : : | | |
| CARGILL INCORPORATED, et al. | : : | | |
| Defendant-Intervenors. | : : | | |

**ORDER**

  Plaintiffs Shandong TTCA Biochemistry Co. Ltd., <u>et al.</u>, have filed a Consent Motion for <u>In Camera</u> Oral Argument ("Plaintiffs' Motion"). Plaintiffs' Motion is DENIED.

  The practice of the court is, and should be, to avoid confidential proceedings when possible. As early as the 17th century, "the concept of a public trial was firmly established under the common law." <u>Gannett Co. v. DePasquale</u>, 443 U.S. 368, 420, 99 S. Ct. 2898, 61 L. Ed. 2d 608 (1979) (Blackmun, J., concurring in part and dissenting in part). In fact, "there is little record, if any, of secret proceedings, criminal or civil, having occurred at any time in known English history. Apparently not even the Court of Star Chamber, the name of which has been linked with secrecy, conducted hearings in private." <u>Id.</u>

Openness is, of course, not absolute; however, whenever it is reasonably possible judicial proceedings should remain public. See Publicker Industries, Inc. v. Cohen, 733 F.2d 1059, 1070 (3d Cir. Pa. 1984) ("[T]o limit the public's access to civil trials there must be a showing that the denial serves an important governmental interest and that there is no less restrictive way to serve that governmental interest.") (emphasis added) (citing Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982); Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1179, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (6th Cir. 1983)).

Plaintiffs assert that "an in camera oral argument is necessary in this case due to the nature of the issues presented in this action, and the extensive amount of proprietary information contained in the record of the U.S. International Trade Commission's proceeding below." Plaintiffs' Motion at 1. However, there are other, more limited ways to avoid exposure of proprietary information. If parties need to discuss a particular confidential fact at oral argument, they can move during the proceedings to exclude from the courtroom all persons unbound by the Protective Order (and not otherwise admitted by the court).[1] In this argument, parties are to reference confidential information only when necessary and, to the extent possible, limit the occasions when closure is requested. The court will then clear the courtroom as necessary and appropriate.

---

[1] Which is to say court personnel, to whom the Protective Order is inapplicable.

It is unnecessary, and therefore inappropriate, to close the entire proceeding.[2]

For the above stated reasons, it is hereby ORDERED that Plaintiffs' Consent Motion for In Camera Oral Argument is DENIED.

__/s/ Evan J. Wallach____<br>Evan J. Wallach, Judge

Dated: January 25, 2011
       New York, New York

---

[2] At least one other judge of this court has taken a similar position. See PSC VSMPO-AVISMA Corp. v. United States, Court No. 09-00349 (Order dated Sept. 17, 2010) (Restani, J.) ("If the parties wish to discuss confidential information during oral argument, they should restrict this information to one part of the argument, and the court will clear the courtroom of persons not covered by the applicable confidentiality order.").